149 So. 886

## In re MEAUX BROS.

### Opposition of SIMON RICE MILL.

No. 32274.

July 7, 1933.

Rehearing Denied Oct. 3, 1933.

Chappuis & Chappuis, of Crowley, for appellants.

Gremillion & Smith, of Crowley, for appellees.

ST. PAUL, Justice.

Meaux Bros. were a commercial partnership. The individual members of the firm owned, in common or severally, certain rice lands. The partnership operated these lands on the tenant-farmer plan; and we know of no reason in law why a partnership (the partners all consenting) may not engage in any legitimate business.

The terms of the contracts with the cultivators of the land were that the partnership should furnish the said rice and receive one-fourth of the crops, the other three-fourths to belong to the cultivators.

Under such contracts the shares of the landowner and of the cultivator belong absolutely and at all times to them respectively in the proportions fixed by the contract. Act No. 100 of 1906; Act No. 211 of 1908; Louisiana, Farm Bureau Cotton Growers' Co-op. Ass'n v. Clark, 160 La. 294, 107 So. 115. And accordingly the proportionate share of the crops for the current year belonging to Meaux Bros. was burdened with a privilege in favor of the furnishers of necessary supplies to the farm or plantation on which said crops were grown. R. C. C. article 3217, subd. 1.

In this case the opponent, Simon Rice Mill, furnished Meaux Bros. large quantities of seed rice which, to the extent of $2,-634.49, were used for the planting of the crop of the current year, the proceeds of which (i. e., of the fourth part of the crop, which came to Meaux Bros.) is now in the hands of the receivers for distribution.

Simon Rice Mill now claims a privilege and preference over ordinary creditors on said proceeds to the extent hereinabove mentioned under R. C. C. article 3217, aforesaid.

The trial judge thought their claim was well founded, and so do we. His judgment

allowing it was correct, and the appeal of the receivers is therefore without merit.

### Decree.

For the reasons assigned, the judgment appealed from is affirmed.